IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,

                                                  ORDER

          Plaintiff,

                                                  07-cv-665-bbc

    v.

PHOENIX SOFTWARE
INTERNATIONAL, INC.

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On July 16, 2008, I entered an order dismissing defendant's trademark infringement counterclaims against plaintiff, concluding that plaintiff enjoys sovereign immunity to suit for trademark infringement. I concluded that although Congress attempted to abrogate sovereign immunity for trademark infringement suits by enacting the Trademark Remedy Clarification Act, 15 U.S.C. § 1122(b), the act was not enacted pursuant to a valid exercise of Congress's power and is therefore unconstitutional. Now before the court is defendant's motion to "vacate" the order on the ground that the Attorney General was required to receive notice that plaintiff was challenging the constitutionality of § 1122(b) and an opportunity to intervene before I considered the issue.

1

Defendant seeks to "undo" the order dismissing its counterclaims in order to allow the United States to weigh in on the issue. Defendant is correct that Fed. R. Civ. P. 5.1(a) requires a party to provide notice to the Attorney General when it challenges the constitutionality of a federal statute. More important, Rule 5.1(b) reminds the court that it has an independent duty to certify constitutional challenges to the Attorney General under 28 U.S.C. § 2403. Section 2403 provides that whenever "the constitutionality of any act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence . . . and for argument on the question of constitutionality."

Neither plaintiff nor the court followed the requirements of Rule 5.1 before I decided that 15 U.S.C. § 1122(b) is unconstitutional. However, in response to defendant's motion to vacate, plaintiff has served notice of the constitutional challenge upon the Attorney General, apparently acknowledging its duty under Rule 5.1 to do so. Although the Attorney General has received with that notice a copy of the order ruling § 1122(b) unconstitutional, which itself makes it clear that a federal statute has been challenged, in this order I will formally certify the issue to the Attorney General and give United States until October 15, 2008 in which to intervene and submit arguments in support of the constitutionality of § 1122(b).

Defendant is not only asking that I give the United States a chance for argument; it

2

asks the court to "vacate" the order, under Fed. R. Civ. P. 60(b) or (d). However, that order was a non-final order and no judgment has been entered. Neither Rule 60(b) nor (d) apply to non-final orders. Elder-Keep v. Aksamit, 460 F.3d 979, 985 (8th Cir. 2006) (citation omitted) (Rule 60(b) does not apply to non-final order). To the extent defendant is seeking an opportunity to proceed with its counterclaims while the court awaits a response from the United States, that request will be denied. At this juncture, I see no reason to believe that it was error to dismiss defendant's counterclaims and therefore no reason to allow defendant to litigate them. If the United States persuades me that § 1122(b) is a valid abrogation of sovereign immunity, I will reconsider the order dismissing defendant's counterclaims at that point. At the same time, judgment should not be entered on the dismissal of defendant's counterclaims before the United States has had an opportunity to intervene and argue for the constitutionality of § 1122(b). Therefore, the order dismissing defendant's counterclaims will be stayed until then.

ORDER

IT IS ORDERED that:

1. The United States of America may have until October 15, 2008 in which to advise the court whether it wishes to intervene in this case and, if so, to submit a brief in support of the constitutionality of 15 U.S.C. § 1122(b). If the United States timely informs the

3

court that it wishes to intervene and provides a brief in support of the constitutionality of 15 U.S.C. § 1122(b), plaintiff Board of Regents of the University of Wisconsin System may have two weeks from the date of filing of that brief in which to respond to its arguments, after which time the court will reconsider its determination that the statute is unconstitutional; the government will have ten days in which to file a reply brief.

2. Defendant Phoenix Software International, Inc.'s motion to vacate (dkt. #32) the order dismissing its counterclaims (dkt. #31) against plaintiff is DENIED; instead, the order is STAYED until the United States has had an opportunity to intervene and argue that § 1122(b) is constitutional.

Entered this 15th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge