UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

BOARD OF REGENTS OF THE UNIVERSITY
OF WISCONSIN SYSTEM,

                    Plaintiff,

  v.                                              Case No. 07 C 0665 C

PHOENIX SOFTWARE
INTERNATIONAL, INC.

                    Defendant.

---

**PLAINTIFF BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN
SYSTEM'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

---

Plaintiff, Board of Regents of the University of Wisconsin System ("UW"), files this Answer to Defendant's Counterclaims. Any allegation or defense in Defendant's Answer, Affirmative Defenses, and Counterclaims (Dkt. No. 4) not expressly admitted herein is denied.

UW maintains that, as an agent of the State of Wisconsin, it is immune from any liability alleged by Defendant in its Answer, Affirmative Defenses, and Counterclaims.

<u>**COUNTERCLAIMS**</u>

**37.** Phoenix's counterclaims referred to hereinafter may be brought pursuant to the provisions of Rule 13, Fed. R. Civ. P., as well as 28 U.S.C. §§ 1338 and 1367 and 15 U.S.C. §§ 1051, *et seq.*

<u>**Response**</u>**:** Paragraph 37 contains a legal conclusion to which no response is required. To the extent a response is required, UW admits that the Seventh Circuit Court of Appeals held Phoenix's First and Fourth Counterclaims compulsory under Federal Rule of Civil Procedure 13. UW affirmatively alleges that it is immune from liability for Phoenix's First and Fourth Counterclaims because UW is an agent of the State of Wisconsin. UW denies that 28 U.S.C. § 1367 is applicable because Phoenix voluntarily dismissed with prejudice its Second and Third Counterclaims (Dkt. No. 16). UW denies all remaining allegations in Paragraph 37.

1

**38.** Phoenix is a California corporation registered in Wisconsin as a foreign for-profit corporation having its principal place of business at 5200 West Century Blvd., Suite 800, Los Angeles, California 90045-5967.

**Response:** UW lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 38, and on that basis denies them.

**39.** Board of Regents of the University of Wisconsin System, Plaintiff herein, is an institution of higher education and an agency of the State of Wisconsin, established by Wis. Stat. ch. 36, with its principal place of business at 1860 Van Hise Hall, 1220 Linden Drive, in the City of Madison, Dane County, Wisconsin 53706.

**Response:** Admitted.

**40.** This Court has jurisdiction over the Plaintiff because it is located in this judicial district and because it brought an appeal in this court of a Trademark Trial and Appeal Board decision. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1391(b).

**Response:** Paragraph 40 contains a legal conclusion to which no response is required. To the extent a response is required, UW admits that it is located in this judicial district. UW admits that that the Seventh Circuit Court of Appeals held that UW waived its immunity as to the federal forum. UW affirmatively alleges that it is immune from liability for Phoenix's remaining counterclaims because UW is an agent of the State of Wisconsin. UW denies all remaining allegations in Paragraph 40.

**41.** Phoenix is the owner of Registration No. 2,028,364, issued by the United States Patent and Trademark Office, for the mark CONDOR, for goods identified as "computer software for online programming development, library management, and system utilities functioning on mainframe systems." Registration No. 2,028,364 was issued to Phoenix on January 7, 1997, alleging dates of first use of June 1, 1978, and first use in commerce on October 18, 1979.

**Response:** UW admits that publicly available records from the Trademark Office indicate that Registration No. 2,208,364 for the work mark CONDOR for goods identified as "computer software for on-line programming development, library management and systems utilities functioning on mainframe systems" has been assigned to Phoenix Software International, Inc. UW admits that Registration No. 2,028,364 is shown by the Trademark Office to have

2

issued on January 7, 1997, but denies that it was issued at that time to Phoenix Software International, Inc. UW admits that the Registrant of Registration No. 2,028,364 appears to have claimed a date of first use of June 1, 1978 and a date of first use in commerce of October 18, 1979. UW denies all remaining allegations in Paragraph 41.

**42.** Plaintiff adopted the mark "CONDOR" for certain computer network operating system software. This trademark was first used by Plaintiff on or about February 1, 1988, and was first used in commerce on or about June 1, 1988.

**Response**: Admitted.

**43.** Plaintiff applied for federal trademark registration for the mark "CONDOR" on March 29, 1999. The application was duly published for opposition in the Official Gazette on December 19, 2000.

**Response**: Admitted. UW affirmatively alleges that Phoenix did not oppose UW's application for registration of the CONDOR mark.

**44.** Upon information and belief, at the time Plaintiff applied for federal trademark registration, it knew or reasonably should have known of the prior grant of an identical mark to Phoenix.

**Response**: UW admits that prior to filing its application for registration of the CONDOR mark, UW commissioned a trademark search, the results of which included Phoenix's CONDOR mark. UW denies all remaining allegations in Paragraph 44.

**45.** On March 13, 2001, Registration No. 2,434,630 for the mark "CONDOR" was issued to Plaintiff for goods identified as "computer network operating system software, downloadable from a global computer network, that delivers large amounts of computational power by utilizing idle computing resources in a network of individual computer work stations in class 9."

**Response**: Admitted.

**46.** On January 6, 2004, Phoenix petitioned the USPTO's Trademark Trial and Appeal Board for cancellation of Plaintiff's registration on the grounds that Phoenix had priority of use of the identical mark CONDOR used in connection with computer software, and that the use of these identical marks on computer software was likely to cause confusion.

**Response:** Denied in part. UW admits that on January 6, 2004 Phoenix's Petition for Cancellation of UW's CONDOR registration was received by the Trademark Trial and Appeal Board. UW admits that Phoenix asserted priority of use of its CONDOR mark. UW affirmatively alleges that Phoenix asserted that it used its CONDOR mark "in connection with computer software *for online programming, development, library management, systems utilities functioning on mainframe systems in Class 9*," (Petition for Cancellation, ¶ 1) (emphasis added), and that consumers were likely to confuse the source of UW's "closely related goods." UW denies all remaining allegations in Paragraph 46.

**47.** Phoenix's Petition for Cancellation was granted after a full trial. On September 26, 2007, the TTAB issued a decision canceling Plaintiff's registration. Phoenix has enjoyed more than ten years' priority use of its mark CONDOR. Prior to attempting to register CONDOR, Plaintiff conducted a search of the term. The results of the search listed Phoenix's registration for CONDOR, providing notice to Plaintiff of Phoenix's prior rights of the mark.

**Response:** UW admits that the TTAB issued a decision on September 26, 2007 wherein it granted Phoenix's Petition for Cancellation. UW admits that prior to filing its application for registration of the CONDOR mark, UW commissioned a trademark search, the results of which included Phoenix's CONDOR mark. UW denies all remaining allegations in Paragraph 47.

## FIRST COUNTERCLAIM
### (Federal Trademark Infringement under 15 U.S.C. § 1114)

**48.** Phoenix repeats and realleges each and every preceding paragraph as though fully set forth herein.

**Response:** UW incorporates by reference each of its responses to the foregoing paragraphs.

4

49. Phoenix's registered CONDOR trademark is valid and subsisting and remains in full force and effect as evidence of the validity thereof and of Phoenix's ownership of the mark in connection with the goods specified in the registration.

**Response**: Paragraph 49 contains a legal conclusion to which no response is required. To the extent a response is required, UW admits that Registration No. 2,028,364 is shown as "active" in the public records of the Trademark Office. UW denies the remaining allegations in Paragraph 49.

50. Plaintiff's actions and use of the mark CONDOR infringe on Phoenix's rights in its registered mark CONDOR, injure Phoenix's business reputation, and result in unfair competition, all in violation of the Trademark Act of 1946, the Lanham Act, 15 U.S.C. § 1114.

**Response**: Paragraph 50 contains a legal conclusion to which no response is required. To the extent a response is required, UW denies the allegations set forth in Paragraph 50.

51. On information and belief, Plaintiff's acts of infringement in violation of the Lanham Act have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. § 1117.

**Response**: Paragraph 51 contains a legal conclusion to which no response is required. To the extent a response is required, UW denies the allegations set forth in Paragraph 51.

52. Plaintiff's actions and conduct constitute federal trademark infringement that has caused and, unless restrained and enjoined by this Court, will continue to cause a likelihood of consumer confusion, mistake, and deception.

**Response**: Paragraph 52 contains a legal conclusion to which no response is required. To the extent a response is required, UW denies the allegations set forth in Paragraph 52.

53. Phoenix has no adequate remedy at law and is being irreparably damaged as a result of Plaintiff's acts and conduct in violation of the Lanham Act.

**Response**: Paragraph 53 contains a legal conclusion to which no response is required. To the extent a response is required, UW denies the allegations set forth in Paragraph 53.

## SECOND COUNTERCLAIM
### (Trademark Infringement under Wisconsin Law)

*Defendant voluntarily dismissed its Second and Third Counterclaims in a joint stipulation filed on February 13, 2008 (Dkt. No. 16). The Stipulation of Dismissal was approved by Judge Crabb on February 14, 2008 (Dkt. No. 18).*

## THIRD COUNTERCLAIM
### (Common Law Trademark Infringement)

*Defendant voluntarily dismissed its Second and Third Counterclaims in a joint stipulation filed on February 13, 2008 (Dkt. No. 16). The Stipulation of Dismissal was approved by Judge Crabb on February 14, 2008 (Dkt. No. 18).*

## FOURTH COUNTERCLAIM
### (False Designation of Origin under 15 U.S.C. § 1125(a))

**63.** Phoenix repeats and realleges each and every preceding paragraph as though fully set forth herein.

**Response:** UW incorporates by reference each of its responses to the foregoing paragraphs.

**64.** Plaintiff's use of the identical name constitutes a false designation of origin that is likely to deceive or has already deceived customers or prospective customers into believing that Plaintiff's software is associated with that of Phoenix and, as a consequence, is likely to divert or has already diverted customers away from Phoenix.

**Response:** Paragraph 64 contains a legal conclusion to which no response is required. To the extent a response is required, UW denies the allegations set forth in Paragraph 64.

**65.** Phoenix has no control over the issuance or the administration of CONDOR software by the Plaintiff, nor over the nature and quality of the software sold and distributed by the Plaintiff. Any failure, neglect, or default by the Plaintiff in the use and administration of the CONDOR software will reflect adversely on Phoenix as the believed source of origin thereof, hampering efforts by Phoenix to continue to protect its outstanding reputation and resulting in a loss of sales and considerable expenditure of funds to promote its software under its registered trademark CONDOR, all to the irreparable harm of Phoenix.

**Response:** Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, UW admits that Phoenix has no control over the nature and

6

quality of UW's software, nor over UW's issuance or administration of its software. UW denies all remaining allegations set forth in Paragraph 65.

      66.  Plaintiff's false designation of origin of its goods and services under the identical name violates federal trademark laws under, namely, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and will continue to do so unless enjoined by this Court.

      **Response:**  Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, UW denies the allegations set forth in Paragraph 66.

      67.  Phoenix has no adequate remedy at law and is being irreparably damaged as a result of Plaintiff's acts and conduct in violation of Section 43(a) of the Lanham Act.

      **Response:**  Paragraph 67 contains a legal conclusion to which no response is required. To the extent a response is required, UW denies the allegations set forth in Paragraph 67.

## AFFIRMATIVE DEFENSES

      1.    Defendant has failed to state a claim upon which relief can be granted.

      2.    UW, as an agent of the State of Wisconsin, is immune from liability to Defendant for any of the claims alleged against UW.

      3.    Defendant has failed to state facts sufficient to support a request for preliminary or permanent injunction against UW.

      4.    Defendant's counterclaims are barred in whole or in part by the doctrine of laches.

      5.    Defendant's counterclaims are barred in whole or in part by the doctrine of waiver and/or acquiescence.

      6.    Defendant's counterclaims are barred in whole or in part by the doctrine of estoppel.

      7.    Defendant's counterclaims are barred in whole or in part by Defendant's stipulation that it is only seeking injunctive relief on its counterclaims.

    **8.**    Defendant's counterclaims are barred in whole or in part by the fact that Plaintiff had a federal registration to use the CONDOR mark.

WHEREFORE, UW prays for the relief set forth in its Complaint and further requests the following relief:

    **A.**    Defendant's Counterclaims be dismissed with prejudice.

    **B.**    All relief requested by Defendant Phoenix Software International, Inc. in its Answer, Affirmative Defenses, and Counterclaims be denied;

    **C.**    The Court enter a judgment that UW, as an agent of the State of Wisconsin, is immune from liability to Phoenix for any of the counterclaims alleged against UW.

    **D.**    The Court grant UW such other and further relief as the Court shall deem just and proper.

Dated this 10th day of November, 2011.

Respectfully submitted,

*/s/ Martha Jahn Snyder*
Anthony A. Tomaselli
aat@quarles.com
Kristin Graham Noel
kgn@quarles.com
Martha Jahn Snyder
martha.snyder@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI  53703
Tel.: 608.251.5000
Fax: 608.251.9166

*Attorneys for Plaintiff Board of Regents of the University of Wisconsin System*